[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17225
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00011-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN D. BRIDGES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 22, 2009)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Marvin D. Bridges appeals his convictions and sentence of 135 months of

imprisonment for knowingly receiving child pornography and knowingly possessing material that contained child pornography. 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B). Bridges challenges the denial of his motion to suppress and the reasonableness of his sentence. We affirm.

## I. BACKGROUND

In 2006, the Bureau of Immigration and Customs Enforcement investigated an organization that distributed child pornography over the Internet through a website called "Home Collection." The organization offered in exchange for a monthly subscription fee access to member-restricted webpages that contained images and videos of child pornography. The organization used PayPal accounts to process the payments. PayPal maintained records of the purchases and catalogued seven details of the transactions: date and time of the payment; name of the customer; seller's description of the item; amount of the purchase; customer's internet protocol address and email address; seller's email address; and the item identification. PayPal also recorded the customer's billing address.

Agents of the Bureau obtained a record from PayPal that identified Bridges as a customer of a child pornography website. The record stated that on December 9, 2006, Marvin Dee Bridges paid $99.95 for access to a webpage titled the Sick Child Room. Federal agents accessed the webpage and discovered it contained "in

2

excess of 150 video files and 20,000 image files" of "prepubescent female minors engaged in sexually explicit conduct" with adult men. The PayPal record also listed Bridges's home address in Gainesville, Georgia; the phone number registered for the Gainesville residence; the internet protocol address of the computer that accessed the PayPal account; a primary email address; and the "Referral URL," or the internet address of the webpage visited immediately before the purchase transaction. The Referral URL last accessed by Bridges was a webpage that contained images of children being exploited sexually. Federal agents disclosed the information they collected to local authorities for further investigation.

Investigator J.D. Roe of the Sheriff's Office of Forsyth County, Georgia, applied for an affidavit to search Bridges's home. Investigator Roe offered in support of the warrant a 26-page affidavit that provided background information about computers and the internet. The warrant also described the investigation by the Bureau; several child pornography websites, including Home Collection, Jfire Financial, and Bullet Proof Soft; the images and videos found on those websites, and their payment processes; the transaction by Bridges; and the Sick Child Room webpage. The affidavit stated that investigators of the Sheriff's Office had performed a background check and identified past criminal complaints against

Bridges; had verified with the Division of Motor Vehicles that Marvin Dee Bridges had a state driver's license, lived at the Gainesville address, and had a vehicle registered at that address; and confirmed that Bridges had an active telephone line at his Gainesville residence. Investigator Roe also described his experience investigating child pornography and stated that collectors of child pornography ordinarily store their illegal images and videos at home and retain hard copies of those images for extended periods of time.

That same day, a Georgia court issued a warrant to search Bridges's residence for five categories of evidence: images and files containing images of child pornography; information and correspondence pertaining to the possession, receipt, or distribution of child pornography transmitted or received in interstate commerce; information regarding Bridges's credit cards; records regarding the occupancy or ownership of the Gainesville residence; and records or other evidence of the ownership or use of computer equipment found in the residence. Investigator Roe, members of the Sheriff's Office, and federal agents executed the warrant. The officers seized Bridges's computer, an internal hard drive, recordable disks, and floppy disks. A review of Bridges's computer revealed that he possessed hundreds of images and some videos portraying children engaged in masturbation, vaginal and digital penetration by adult males and foreign objects,

4

and other forms of sexual abuse.  Bridges was later indicted for knowingly receiving child pornography and knowingly possessing material that contained child pornography.  18 U.S.C. §§ 2252A(a)(2), (a)(5)(B).

Bridges moved to suppress the evidence seized from his home.  Bridges argued that the search warrant was invalid because it failed to allege that evidence of a crime would be discovered in his home.  Bridges alleged that the government had the means, but failed, to identify the physical location of the computer that accessed the Sick Child Room or verify that Bridges had an active account with an internet service provider.

The government responded that the affidavit provided probable cause to support the search warrant and, in the alternative, the evidence seized from Bridges's home was admissible under the good-faith exception of United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405 (1984).  The government explained that Investigator Roe omitted inadvertently three additional facts that contributed to a finding of probable cause: the PayPal account assigned to Bridges was used to purchase subscriptions to child-exploitation webpages, including Bullet Proof Soft and Jfire Financial, on June 26, 27, and 29, 2007; the credit cards used to purchase the subscriptions were registered to Bridges and he had not disputed charges to the account or reported that his card was lost or stolen; and a telephone in Bridges's

5

home was assigned the phone number listed on the PayPal account. The government attached to its response a report prepared by Roe that compiled information about the use of Bridges's credit cards to purchase child pornography on the Internet and explained that Bridges's service provider, America Online, used a process called dynamic Internet Protocol addressing. Under dynamic addressing, a service provider is assigned a block of IP addresses and allocates an unused IP address each time a customer initiates a session on the internet.

A magistrate judge recommended the district court deny Bridges's motion to suppress. The magistrate judge ruled that the affidavit provided probable cause to believe that evidence of a crime would be found at Bridges's home. The magistrate judge ruled, in the alternative, that the good-faith exception of Leon applied because the affidavit contained sufficient indicia of probable cause for Investigator Roe to believe that the search warrant was valid.

The district court adopted in part the recommendation of the magistrate judge. The district court ruled that the affidavit failed to establish a link between Bridges's home and the criminal activity or provide probable cause to issue the search warrant, but the district court ruled that Investigator Roe's reliance on the warrant was reasonable based on the information included in the affidavit and other facts known to Roe, although omitted from the affidavit.

6

A jury found Bridges guilty of knowingly receiving child pornography and knowingly possessing material that contained child pornography. 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B). The presentence investigation report listed a base offense level of 18, United States Sentencing Guideline § 2G2.2(a)(1) (Nov 2004), and added two points because the material involved children under 12 years old, id. § 2G2.2(b)(2), four points because the material portrayed sadistic conduct, id. § 2G2.2(b)(4), two points because Bridges received child pornography on his computer, id. § 2G2.2(b)(6), five points because the offense involved more than 600 images, id. § 2G2.2(b)(7)(D), and two points for obstruction of justice, id. § 3C1.1. With a criminal history of I, the report provided a sentencing range between 135 and 168 months of imprisonment.

Bridges objected to the presentence report. Bridges challenged the four-point enhancement of his sentence and argued that there was no evidence of sadistic conduct in the images or videos found on his computer and the sexual acts depicted in the images was accounted for in his base offense level. Bridges asked the district court to consider his background and his poor health.

The district court overruled Bridges's objection and sentenced Bridges to 135 months of imprisonment followed by supervised release for life. The district court stated that it had "tried to evaluate this sentence in regard to section 3553 and

7

the various standards there" and identified punishment and deterrence as "two major factors that the court had to consider[.]" The court found that the facts "did not . . . justif[y] . . . going to the upper end of the guideline range" because Bridges had viewed, but not participated in, acts of child abuse. The court also stated that "this [was] the kind of case where [it] believe[d] that there should be long-time supervision and control for [the] protection of society."

## II. STANDARDS OF REVIEW

A few different standards of review govern this appeal. In an appeal of a denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts de novo. United States v. Ramirez, 476 F.3d 1231, 1235 (11th Cir. 2007). We construe all facts in the light most favorable to the government. Id. at 1235–36. We also review de novo the application of enhancements to a sentence and review findings of fact related to those enhancements for clear error. We review a defendant's sentence for reasonableness, United States v. Booker, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005), which is a deferential standard of review for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

## III. DISCUSSION

Bridges challenges his conviction and sentence on two grounds. First,

Bridges argues that Investigator Roe could not have reasonably believed that the search warrant for Bridges's home was valid. Second, Bridges argues that the district court erred when it enhanced his offense level for possessing images that portrayed sadistic acts and the court failed to account for his standing in the community, his personal responsibilities to his business and his family, and his health problems. These arguments fail.

The district court did not err by admitting the evidence under the good faith exception established in Leon. Roe's affidavit and the additional facts known to him that were omitted from the affidavit contained enough indicia of probable cause to determine that his reliance on the warrant was reasonable. United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). The warrant allowed officers to search Bridges's residence for materials containing child pornography and documents that would link Bridges to those materials based on statements by affiant Roe that a subscription to access child pornography on the internet had been purchased using Bridges's full name, home address, and telephone number and collectors often stored child pornography on their home computers. Although omitted from the affidavit, Roe also had evidence that one of Bridges's credit cards had been used to purchase subscriptions to other child pornography webpages. That Roe had particular training and expertise about child pornography and

9

internet crimes does not affect our analysis. <u>Leon</u> requires only that "the officer act[] in objective good faith under all the circumstances" in relying on the warrant, and Bridges does not argue that Roe acted in bad faith. <u>United States v. Taxacher</u>, 902 F.2d 867, 871 (11th Cir. 1990) (emphasis omitted) (discussing <u>Leon</u>, 468 U.S. at 922 & n.23, 104 S. Ct. at 3420 & n.23).

Bridges's sentence is reasonable. The district court correctly applied the four-point enhancement because officers recovered from Bridges's computer images of the penetration of young children and those acts are sadistic. <u>See</u> <u>United States v. Hall</u>, 312 F.3d 1250, 1263 (11th Cir. 2002). The district court considered the sentencing factors and determined that a sentence of 135 months of imprisonment was sufficient to punish Bridges, deter future similar conduct, and protect the public. <u>See</u> 18 U.S.C. § 3553(a); <u>Gall</u>, 128 S. Ct. at 597. The district court did not abuse its discretion by sentencing Bridges to the low end of the sentencing range.

## IV. CONCLUSION

Bridges's conviction and sentence are **AFFIRMED**.